**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ALONZO GILLIAM, III                                                                              PLAINTIFF
ADC # 098194

v.                                               2:16CV00073-KGB-JJV

SECCER COLE,
Sergeant, East Arkansas Regional Unit; *et al.*                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection. If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection. An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations. The copy will be furnished to the opposing party. Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## PARTIAL DISPOSITION

## I.    INTRODUCTION

Plaintiff, Alonzo Gilliam, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), has again sued Defendants Cole, Doyle, Lockhart, Parsons, Cobbs, Graham, and Rosborough. He previously sued these defendants in *Gilliam v. Kelly*, Case No. 2:13CV00103-KGB-JJV. That case is still pending, but Defendants Doyle, Lockhart, Parsons, Cobbs, Rosborough, and Cole were previously dismissed because Plaintiff failed to first exhaust his administrative remedies before filing suit. (*Id.* at Docs. No. 425, 444.) Defendant Graham was never served despite repeated attempts to locate her. (Doc. No. 444 at 7-9.)

## II.    BACKGROUND

Mr. Gilliam raises the same claims previously filed in *Gilliam v. Kelly*, Case No. 2:13CV00103-KGB-JJV. He says he was subjected to unconstitutional conditions of confinement on March 6, 2012, when he was placed in a cell without working lights. (Doc. 1 at 5-14.) Plaintiff states that despite his requests to have the lighting fixed, Defendants Cobbs, Rosborough, Lockhart, Cole, Doyle, and Parsons took no action, and for approximately thirty days he was without adequate light. (*Id.*)

III.     **SCREENING**[1]

After careful review of Mr. Gilliam's Complaint, I find it should be dismissed for failure to state a claim upon which relief may be granted. These claims and defendants were previously dismissed because Mr. Gilliam failed to first exhaust his administrative remedies before filing his lawsuit. Mr. Gilliam failed to properly identify Defendants Cobbs, Rosborough, Lockhart, and Parsons- either by name or description - in any of the grievances which Plaintiff attempted to exhaust.[2] (*Gilliam v. Kelly*, Case No. 2:13CV00103-KGB-JJV (Docs. No. 425 and 444).

Specifically, the Court found that - of his two exhausted grievances on this issue - none of these defendants were named. EAM-12-01667 alleged that unnamed members of the unit medical staff withheld his eyeglasses and medication. (*Id.*, Doc. No. 383-14 at 8.) Plaintiff said he was held in an unlit cell and "someone in the medical department" was working with unnamed correctional officers to harass him but did not identify any defendant. Also, EAM-12-01647 stated he was placed in a cell without lights and unidentified individuals placed insects, hair, and other substances in his food. (*Id.*, Doc. No. 383-14 at 4.) He also stated the medical department withheld his eyeglasses and that unspecified medical staff and correctional officers were collaborating to harass him. (*Id.*) And in this grievance, Plaintiff also did not identify any defendant.

He did name Defendants Cole and Doyle in other grievances that were never exhausted. The Court already thoroughly considered Mr. Gilliam's arguments seeking to excuse his failure to exhaust and found these arguments to be without merit.

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

[2]While the failure to specifically identify a prison employee in a grievance is not always fatal to exhaustion, such omission *does* preclude exhaustion where it denies prison officials the opportunity to review a defendant's relevant conduct. *See Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014).

In the instant case, Mr. Gilliam has submitted copies of grievances he began filing in July 2015. (Doc. No. 1, 29-77.)  He appears to have attempted to cure his flawed claims.  But filing his grievances more than three years after the alleged incident is futile. Administrative Directive 10-32 governed inmate grievance procedure until May 27, 2012, when it was replaced by Administrative Directive 12-16. (*Gilliam v. Kelly*, Case No. 2:13CV00103-KGB-JJV, Docs. No. 383-7 & 383-8 ). The relevant grievance procedures are consistent across both directives.  An inmate who believes he has been wronged must file an informal resolution "within 15 days after the occurrence of the incidence." (*Id.*, Doc. No. 383-7 at 5.)  It is impossible for Mr. Gilliam to cure his failure to exhaust his administrative remedies years after the occurrence of the incidence.  So Mr. Gilliam has failed to state a claim upon which relief may be granted.

I am mindful that the United States Supreme Court has establishes that "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 215 (2007). But  "[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *Id.* at 215.  And "[u]nder Jones, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir.2007); see also *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.") Therefore, Mr. Gilliam's claims against Defendants Doyle, Lockhart, Parsons, Cobbs, Rosborough, and Cole should be dismissed for failing to state a claim upon which relief may be granted.

Likewise, with regard to Defendant Graham, Mr. Gilliam fails to state a claim upon which relief may be granted.  Mr. Gilliam and the Court previously failed to serve Defendant Graham

despite an exhaustive effort to locate her.  Mr. Gilliam has provided nothing new in this most recent lawsuit that would lead the Court to believe that Ms. Graham could be served.

Based on the foregoing, I recommend that this cause of action be dismissed for failure to state a claim upon which relief may be granted.  Although a "strike" could be assessed, based on the facts of this case I recommend a strike *not* be assessed to Mr. Gilliam.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action *not* count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 7th day of July, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."